UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WALTER MOORE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:25-cv-00019-JAW |
| ) | |
| OFFICER CONDE et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint against various prison officials alleging, among other things, a loss of personal property. (Complaint, ECF No. 1.) With the complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 8), which application the Court granted. (Order, ECF No. 10.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint.

## FACTUAL BACKGROUND[1]

Plaintiff alleges that on January 19, 2018, January 31, 2019, and August 23, 2019, Plaintiff's personal property was taken and/or destroyed by prison officials, including Defendants Avill and Court. According to Plaintiff, on November 19, 2021, Officer Malcolm and Sergeant Richardson entered Plaintiff's cell and took items without providing Plaintiff a contraband disposition form. Plaintiff maintains that during the grievance process, prison officials pledged to replace the property, but Plaintiff has not received any of the property or reimbursement for the property.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

---

[1] The following facts are derived from Plaintiff's complaint and its attachment.

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### DISCUSSION

Construing Plaintiff's allegations liberally, the essence of Plaintiff's complaint is that corrections officers confiscated and destroyed or refused to return multiple items of Plaintiff's personal property. Because of the inherent challenges of prison administration, and because criminal punishment justifies restrictions on many civil rights, prisoners have no reasonable expectation of privacy and thus no Fourth Amendment "right to privacy in [their] cell[s] nor protection against unreasonable seizures of their personal effects." *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 65 (1992) (discussing *Hudson v. Palmer*, 468 U.S. 517 (1984)). Federal constitutional claims involving prisoners' personal property, therefore, generally rely on the Due Process Clauses of the Fifth and Fourteenth Amendments.

The Fourteenth Amendment states in part that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. This protection has both substantive and procedural components. *Amsden v. Moran*, 904 F.2d 748, 753–54 (1st Cir. 1990). In either context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a constitutionally protected interest in life, liberty, or property." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005).

The procedural component of the due process guarantee "normally requires notice and an opportunity for some kind of hearing" but "[w]hether the opportunity needs to be furnished before the seizure or whether a post-seizure opportunity is sufficient depends on the circumstances." *Herwins v. City of Revere*, 163 F.3d 15, 18 (1st Cir. 1998) (quotation omitted). However, where, as here, a prisoner alleges the unauthorized deprivation of property, the Due Process Clause is only violated if the state does not afford meaningful post-deprivation remedies. *Hudson v. Palmer*, 468 U.S. 517, 532–33 (1984) ("[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure ... it is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place.") (internal quotations omitted); *see also Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (affirming dismissal of due process claim where "the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure" related to the receipt of prisoner packages by mail); *Watson v. Caton*, 984 F.2d 537, 541 (1st Cir. 1993) (affirming dismissal of due process claim based on defendant's alleged destruction of "non-allowable" property

that arrived at prison by mail, without providing prisoner notice and an opportunity to mail the property elsewhere). Under the so-called *Parratt-Hudson* doctrine,

> [s]o long as a state has not set up a scheme so open-ended it invites unwarranted uses of summary process, *see Zinermon*, 494 U.S. at 138, and so long as a state provides an adequate after-the-fact remedy for any wrongful summary action, *see Parratt*, 451 U.S. at 543–44, allegations of the kind of "random and unauthorized" mistakes in application that those who work in government sometimes make are not enough to state a procedural due process claim, *Hudson*, 468 U.S. at 533.

*S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 89 (1st Cir. 2014) (alternate citations omitted).

In this case, a procedural due process claim fails because Plaintiff does not challenge the procedures provided by the State of Maine and Plaintiff does not allege the absence of state remedies.[2] *See Lambert v. Fiorentini*, 949 F.3d 22, 28 (1st Cir. 2020) ("A procedural due process claim that does not allege the unavailability of constitutionally-adequate remedies under state law fails") (internal quotation marks omitted). Accordingly, Plaintiff has not alleged facts that would support a procedural due process claim.

The substantive guarantee of the Due Process Clause "rests not on perceived procedural deficiencies but on the idea that the government's conduct, regardless of procedural swaddling, was in itself impermissible." *Amsden*, 904 F.2d at 753. "The

---

[2] Plaintiff would likely have no grounds on which to assert inadequate post-deprivation remedies. The Maine Law Court has recognized that prisoners can appeal to the state courts from administrative rulings made by the Department of Corrections on prisoner grievances. *Fleming v. Comm'r Dep't of Corr.*, 2002 ME 74, ¶ 9, 795 A.2d 692, 695 (Maine Rule of Civil Procedure 80C(i) allows not only a review of final agency action, but also an independent claim for damages where appropriate). In addition, under the Maine Tort Claims Act, governmental entities are liable for property losses arising from the operation or maintenance of any public building. 14 M.R.S. § 8104-A(2). Maine law thus affords an individual an adequate remedy for the negligent or intentional destruction of personal property in the form of a common law conversion claim. *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800.

substantive component of the Due Process Clause is violated by executive action when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Espinoza v. Sabol*, 558 F.3d 83, 87 (1st Cir. 2009) (quotation omitted); *see also*, *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (conduct must be "extreme and egregious," "truly outrageous, uncivilized, and intolerable," "stunning"). Plaintiff's allegations regarding the confiscation of property do not satisfy the high burden required for a substantive due process claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.[3]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[3] Some of Plaintiff's other allegations are difficult to discern or involve the conduct and rights of third parties. To the extent Plaintiff intended to assert other claims, the allegations fail to state a plausible claim of entitlement to relief. For example, Plaintiff alleges that an officer made vulgar and offensive comments when Plaintiff, who is transgender, requested an officer having a specific gender perform a visual inspection of parts of Plaintiff's body when clothes were not permitted, but offensive comments and verbal abuse have not been found to rise to the level of a constitutional violation. *See, e.g.*, *Reichert v. Abbott*, No. 19-1876, 2020 WL 5588647, at *1 (1st Cir. June 8, 2020). Plaintiff also claims to have been assaulted and prevented from photographing the related injuries and denied certain preferred medical care. Because Plaintiff does not state the requisite details, such as who was responsible for any of the actions, the allegations do not establish an actionable claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020) (stating a plaintiff must include "the crucial detail[s] of who, what, when, where, and how" in pleading). Further, Plaintiff has not alleged sufficient facts to support a deliberate indifference claim. *See Kosilek v. Spencer*, 774 F.3d 63, 83, 85 (1st Cir. 2014) (To sustain a deliberate indifference claim, a plaintiff must establish that he or she has a "serious medical need for which [the plaintiff] has received inadequate care" and that "the failure in treatment was purposeful.").

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                       /s/ John C. Nivison
                                       U.S. Magistrate Judge

Dated this 15th day of April, 2025.